[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 22, 2005
THOMAS K. KAHN
CLERK**

No. 05-10119
Non-Argument Calendar

_____

D. C. Docket No. 03-02779-CV-IPJ

JAMES RICHARD HURLEY,

Plaintiff-Appellant,

versus

RACETRAC PETROLEUM, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(August 22, 2005)**

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

James Richard Hurley appeals the district court's denial of equitable relief,

requested pursuant to the Age Discrimination in Employment Act ("ADEA"), 29

U.S.C. § 621 et seq., after a jury returned a verdict in favor of Hurley on his ADEA claim, but awarded no damages. The jury also returned a verdict in favor of RaceTrac Petroleum, Inc. ("RaceTrac") on Hurley's claim pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. On appeal, Hurley argues that, in light of the jury's finding on his ADEA claim -- that RaceTrac discriminated against him by failing to hire him based on his age -- the district court erred by denying equitable relief. After thorough review of the record and careful consideration of the parties' briefs, we affirm.

The relevant facts are straightforward. Hurley sued RaceTrac for age discrimination (Count 1) and disability discrimination (Count 2), based on his unsuccessful attempt to obtain employment with RaceTrac. In January 2003, Hurley interviewed for employment with RaceTrac, at which time he completed a job application. He subsequently attended an employee orientation session, during which he completed a test on RaceTrac's policies and procedures. At the behest of a RaceTrac manager, he reported to the Trussville, Alabama store to pick up a work schedule. At that time, he was informed that RaceTrac was not going to hire him. He testified that he was told the decision was based on his age, 72 years old. Three weeks later, Hurley filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging age discrimination against RaceTrac for its failure

to hire him. In May 2003, while the EEOC charge was pending, RaceTrac contacted Hurley and offered him a job, which he refused.

At trial, it was RaceTrac's theory of defense that, in January 2003, it extended a conditional offer of employment to Hurley, conditioned on his completion of required paperwork. It further argued that the May 2003 offer was an unconditional offer of employment, which Hurley unreasonably refused. RaceTrac contended that, based on Hurley's unreasonable rejection of the May 2003 job offer, he was barred from recovering on his ADEA claim.

The district court's charge to the jury included the issuance of special interrogatories. Hurley did not object to the court's instructions to the jury or to the special interrogatories. The interrogatories required the jury, in the event that they found in favor of Hurley on any claim, to determine, inter alia, whether to award damages to compensate for a net loss of wages and benefits to the date of trial. The jury returned a verdict in favor of Hurley on Count 1 and in favor of RaceTrac on Count 2. To the special interrogatory concerning damages to compensate for a loss of wages and benefits, the jury responded "No" and indicated a "0" dollar amount to be awarded.

Hurley then moved for equitable relief, in the form of front pay or reinstatement, based on the jury's verdict in his favor on Count 1. The district court

conducted a hearing on Hurley's motion, at which it heard additional testimony from Hurley concerning his earnings and the lack of benefits associated with his independently-owned lawn care maintenance business, as well as his anticipated earnings and benefits had RaceTrac hired him. During his testimony at the hearing on equitable relief, as he had at trial, Hurley maintained that he continued to be interested in working at RaceTrac during the relevant period.

The district court denied Hurley's motion, finding that the jury awarded no back pay due to Hurley's rejection of an unconditional offer of employment (a result consistent with RaceTrac's theory of defense at trial). In its order denying equitable relief, the district court stated:

> The issue of whether the defendant's employment offer to the plaintiff in May, 2003 was an unconditional offer of employment was squarely addressed in the court's charge to the jury. The charge stated:
>
> > The defendant maintains that it made an unconditional offer of employment to plaintiff on June 17, 2003. The plaintiff maintains that it was not an unconditional offer of employment as expressed in his letter to defendant on June 18, 2003. If you find that defendant made an unconditional offer of employment, I charge you as follows:
> >
> > The unconditional offer of employment by the employer can toll or stop the continuing accrual of back pay liability. The plaintiff's rejection of an unconditional offer of a job previously denied ends the accrual of back pay.

4

> If you find the unconditional offer of employment made by RaceTrac to the plaintiff was rejected and plaintiff failed to offer any legitimate reason for rejecting RaceTrac's unconditional offer of employment, then you must reduce the amount of plaintiff's damages by the amount that would have been reasonably realized if the plaintiff had taken advantage of such an opportunity.

The district court denied equitable relief, noting that, consistent with the foregoing special interrogatory and the jury's answers to it, the jury found that Hurley (1) rejected an unconditional offer of employment; (2) did not provide a legitimate reason for the rejection; and (3) therefore, was not entitled to back pay. As for reinstatement or front pay, the court, citing our decision in Lewis v. Fed'l Prison Indus., Inc., 953 F.2d 1277 (11th Cir. 1992), concluded that Hurley's rejection of the unconditional offer and the unreasonable basis for that rejection (that Hurley had relied on his attorney's advice that the offer was a settlement offer, not a job offer) warranted denying equitable relief. This appeal followed.

We review the district court's decision to grant or deny equitable relief under ADEA for abuse of discretion. See Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1338 (11th Cir. 1999). The district court enjoys broad discretion in fashioning an equitable remedy, so long as it is consistent with the statutory purposes of the ADEA. Id. The ADEA authorizes a district court to award equitable relief to a prevailing plaintiff. See 29 U.S.C. 626(b). However, "[t]he central purpose of [the

5

statute] is to make the plaintiff "whole," to restore the plaintiff to the economic position the plaintiff would have occupied but for the illegal discrimination of the employer." Farley, 197 F.3d at 1338 (internal citation and quotation marks omitted).

Consistent with the ADEA's "make whole" purpose, "once liability for harassment and constructive discharge on the basis of age is established, the injured victim is presumptively entitled to back pay from the date of the discriminatory discharge until the date of judgment, unless the victim obtains or could have obtained substantially equivalent work before that time." E.E.O.C. v. Massey Yardley Chrysler Plymouth, Inc., 117 F.3d 1244, 1251 (11th Cir. 1997) (citing 29 U.S.C. § 626(b)) (emphasis added). Likewise, where a plaintiff requests reinstatement or back pay, once an employer makes a "good faith" offer of reinstatement, a plaintiff who rejects the offer forfeits his right to such equitable relief unless his refusal of the employer's offer was reasonable. Stanfield v. Answering Serv., Inc., 867 F.2d 1290, 1296 (11th Cir. 1989).

We require a district court to articulate its rationale for denying legal or equitable relief to a plaintiff who insists that such relief is necessary to make him whole. See Verbraeken v. Westingouse Elec. Corp., 881 F.2d 1041, 1052 (11th Cir. 1989). Here, the district court concluded that RaceTrac's May 2003 job offer was reasonable and made in good faith. The court articulated its reason for denying

equitable relief, that is, the jury accepted RaceTrac's theory of defense that Hurley refused an unconditional offer of employment. The district court found Hurley's reason for rejecting the offer unreasonable and, thus, concluded that he was not entitled to equitable relief. Cf. Stanfield, 867 F.2d at 1295-96 (affirming denial of equitable relief based on plaintiff's unreasonable rejection of employer's offer of reinstatement). On this record, we can find no abuse of discretion.[1]

**AFFIRMED.**

---

[1]Hurley did not submit an application for attorneys' fees, nor did he argue his entitlement to fees at the hearing on his request for equitable relief (or otherwise object at any point), in the district court. Accordingly, his argument that there was error based on the district court's failure to award fees is without merit. Cf. Novak v. Cobb County Kennestone Hosp. Auth., 74 F.3d 1173, 1177 (11th Cir. 1996) (refusing to consider errors alleged for first time on appeal) (internal citation omitted).